Spear, C. J.
Two questions are argued. One' relates to the jurisdiction of the court of common' pleas over the action; the other to whether or not there was an overcharge.
The plaintiff in error contends that the court of common pleas of Seneca had no jurisdiction be-' cause the cause of action arose in Erie county; the defendant in error contends that the cause arose at least in part in Seneca, and hence the court of that county had jurisdiction.
Section 3376 of the Revised Statutes, which affords the right of action in cases of this kind, among other things, provides that any company which demands or receives a greater sum of money for the transportation of passengers than the sum' allowed by law shall pay to the party aggrieved for every such overcharge a sum equal to double the amount of the overcharge, but in no case shall the amount be less than one hundred and fifty dollars to any bona fide claimant using the road of such company.
*220 It is not doubted that this action is one for the recovery of a penalty. Such actions to recover penalties must, by force of section 5022, Revised Statutes, be brought in the county where the cause of action, or some .part thereof, arose.
We are of opinion that, upon the sale and delivery by a railroad ticket agent to the purchaser o..f a ticket entitling such purchaser to travel on the cars of the company between the points designated in the ticket, a contract evidenced by such ticket has been entered into between the company and such purchaser, good in the hands of any bona fide holder of it for transportation between the points named, and if such contract is in violation of law and involves a penalty in such sort as to entitle the purchaser to institute an action to recover such penalty, the cause of action, and the whole of it, arose then and there.
It is insisted, however, that unless the purchaser had ridden upon the ticket no cause of action could arise; that riding upon the ticket was a part of the contract necessary to be done, and such act of riding would necessarily bring a part of the offense and the act within the county of Seneca, and so the Seneca county court would have jurisdiction of such action. We do not give the words “bona fide claimant using the road of such company” any such extended meaning. A bona fide claimant “is one claiming in good faith;” using the road of such company implies an intention to use it; it does not imply a contract personally to use it. A railway ticket, if unlimited as to the person entitled to use it, and almost universally they are so unlimited, *221 is good in the hands of any person who may present it on the cars of the company, and if bought in good faith and not for the mere purpose of speculation, or of obtaining evidence to support a contemplated lawsuit, is complete evidence of a contract, and the holder, whose right is not otherwise impugned, is not required to himself ride over the route in order to justify the bringing of an action. The requirement that the purchaser shall himself ride would destroy the transferability of the contract, and materially detract from its value in the hands of the purchaser.
It is insisted that the term “or some part of it arose,” to be found in Section 5022, supra, implies that the cause of action for the penalty may be divided. Yes, where division is practicable and is required. But how can that apply to an action to recover this kind of a penalty? It is conceded that some part of the cause of action arose in Erie county. But it is urged that the riding in Seneca county in the cars of the defendant below would give to the court of that county jurisdiction because a part of the penalty was thereby and therein incurred. What part? The demanding and receiving which the statute penalizes all occurred in Erie county. In other words, if the cause be divisible, what portion of the sum recovered would belong to one part of the transaction and what to the other? If the purchase of the ticket and the ride on it in Seneca county should happen to be some months apart, and the plea of the limitation statute of one year should be interposed, good as against the first date though not as against the later date, *222 it would be, if the cause of action be divisible, absolutely necessary to divide the penalty, allowing it in part and denying it in part; else the statute could have no application. Manifestly this would be wholly impracticable. Besides it would overturn that provision of the statute that “in no case shall the amount to be paid be less than one hundred and fifty dollars.” Obviously the cause of action is an entire cause, and is not divisible.
It seems clear that the contract of purchase (which involves demanding and receiving), was concluded when the ticket was sold and delivered at Sandusky; it was one contract, and its legal effect is to be determined by the condition of things between the parties at that time. The Company, by its agent, had demanded and had received, if in fact there was an overcharge, a greater sum of money than the sum allowed by law. It is this action, the demanding and receiving a sum greater than the sum allowed by law, which is penalized, and this incurring of the penalty is the result of such action by the Company at that time, and not at some future time, and depending upon some future event. We are not required to state, or to hold, in disposing of this case, just what is involved in the phrase of the statute “or some part thereof;” it is enough to know that the phrase is not applicable to the facts of this case.
Attention is called by counsel for defendant in error to some comment in the opinion in Railroad Co. v. Hollenberger, 76 Ohio St., 177, referring to the fact that no part of the road was located in the county in which the action was brought, which *223 counsel conceives aids his contention. The observation referred to was introduced as an additional fact justifying the general conclusion, in disposing of the case, but is not the ground of it; hence it is without application to this case.
We therefore conclude that the court of common pleas of Seneca county was without jurisdiction in the case. This conclusion makes it unnecessary to pass upon the other question argued, and inasmuch as the members of the' court are not in entire accord respecting it, the question is not determined.
The judgments of the courts below will be reversed and judgment entered dismissing the petition.

Judgments reversed.

Davis, Shauck, Price, Johnson and Donahue, JJ., concur.